In re COVENTRY EVANS FURNITURE CO.

(District Court, N. D. New York. July 9, 1909.)

1. BANKRUPTCY (§ 328*)—CLAIMS—TIME FOR PROOF—"CLAIM LIQUIDATED BY JUDGMENT."

A creditor of a bankrupt, whose debt was paid within four months prior to the bankruptcy, but from whom the amount was recovered by the trustee by suit as a preference, is one holding a "claim liquidated by judgment," within the meaning of Bankr. Act July 1, 1898, c. 541, § 57n, 30 Stat. 561 (U. S. Comp. St. 1907, p. 3444), and he may prove the same against the estate within 60 days thereafter, although more than a year after the adjudication.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 328.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

171 F.—43

2. BANKRUPTCY (§§ 223, 368*)—COMPENSATION OF TRUSTEE.
    Bankr. Act July 1, 1898, c. 541, § 72, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3418), added by amendment by Act Feb. 5, 1903, c. 487, § 18, 32 Stat. 800 (U. S. Comp. St. Supp. 1907, p. 1033), which provides that "neither the referee nor the, trustee shall in any form or guise receive, nor shall the court allow them, any other or further compensation for their services than that expressly authorized and prescribed in this act," is an absolute bar to any extra allowance, however onerous or valuable the service rendered may have been.

    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. §§ 223, 368.*]

3. BANKRUPTCY (§ 474*)—COSTS AND FEES—ALLOWANCE TO CREDITOR.
    A court of bankruptcy will not allow costs or attorney's fees from an estate to a creditor whose claim was unsuccessfully contested.

    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 474.*]

In Bankruptcy. Review of order of referee herein disallowing claim of the Citizens' Trust Company for $2,000 and interest on a note, refusing to make an allowance to the attorneys for a creditor whose claim was unsuccessfully contested, and refusing an extra allowance above the percentage compensation fixed by the bankruptcy act to the trustee. See, also, 166 Fed. 516.

Chas. G. Irish, in pro. per.
T. H. Ferris and E. C. Rice, for claimant.

RAY, District Judge. The ground for rejecting the claim on the note was that it was not proved within the year succeeding the adjudication. The facts are that the note was paid by the bankrupt prior to the filing of the petition; that suit was brought by the trustee to recover the amount, the claim being that it was a preferential payment; and that in such suit as to such note the Citizens' Trust Company was defeated and compelled to pay back the amount. Thereupon, and more than one year after the adjudication, the note was duly proved and presented for allowance, and rejected by the referee, for the reason not proved and presented within the year, or time.fixed by section 57 of the act (Act July 1, 1898, c. 541, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443]). This was erroneous. Keppel v. Tiffin Savings Bank, 197 U. S. 356, 25 Sup. Ct. 443, 49 L. Ed. 790. That case is decisive of the question. The claim must be allowed. ·

The claim of the trustee for extra compensation was properly disallowed. Section 48 of the bankruptcy act fixes the compensation of trustees at $5, deposited with the clerk, and on all moneys disbursed by them 6 per centum on the first $500, 4 per centum on moneys in excess of $500 and less than $1,500, 2 per centum on moneys in excess of $1,500 and less than·$10,000, and 1 per centum on moneys in excess of $10,000. This is the compensation fixed by the amendments of February 5, 1903, which amendatory act also provides in section 72, a new section:

"That neither the referee nor the trustee shall in·any form or guise receive, nor shall the court allow them, any other or further compensation for their services than that expressly authorized and prescribed in this act." Act Feb. 5, 1903, c. 487, § 18, 32 Stat. 800 (U. S. Comp. St. Supp. 1907, p. 1033).

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Prior to the amendment it was customary to make extra allowances to trustees, and this was in some cases upheld; but it is seen that the amendment is prohibitory on the court, and absolutely bars all such allowances, however onerous, meritorious, and valuable the services of the trustee. It has been the uniform practice of this court to refuse allowances of costs to successful claimants, creditors, even in cases of contest. I do not think it was intended that costs should be awarded or allowances from the estate made in such cases. Once enter on the practice, and it must be uniform, and in many cases a reasonable allowance, considering the work done, would exceed the claim, and in some cases small estates would be eaten up by such allowances. The claim by the attorneys for an allowance was properly disallowed.

The order of the referee, disallowing the claim on the note, is reversed, and he is directed to allow the claim. The order of the referee, disallowing the application for costs to the attorneys for creditors and extra compensation to the trustee, is affirmed.