In re SWOFFORD.

Bankr. No. 18856.

United States District Court
D. Minnesota, Fourth Division.

Dec. 24, 1952.

James B. Hannah, of Minneapolis, Minn., for Commercial Credit Corporation in support of said petition for review.

Louise A. Herou, of Minneapolis, Minn., for Earl R. Larson, Trustee in Bankruptcy, in opposition thereto.

NORDBYE, Chief Judge.

On June 6, 1952, the Referee in Bankruptcy for this district filed his findings, conclusions and order determining a restoration proceeding brought by the Trustee for the above-entitled bankrupt against the Commercial Credit Corporation. The Referee found in favor of the Trustee and as part of his order allowed the Trustee reasonable costs and expenses. Pursuant to this order, the Trustee filed a bill of costs in which he included an item of $75 for attorney's fees. The Commercial Credit Corporation filed objections to that cost item and the Referee heard arguments thereon on July 22, 1952. The Referee then ordered the objections overruled, and from this order the Commercial Credit Corporation petitions for review.

The findings of the Referee in the restoration proceedings are not contested here, but they should be set out, briefly at least, to clarify the nature of the litigation for which these attorney's fees were allowed as costs. On April 14, 1952, the bankrupt filed a voluntary petition in bankruptcy and a decree of adjudication was entered. The bankrupt was then in actual possession of a certain 1946 one-ton Ford truck as conditional vendee with an equity of $25. Petitioner held title to the truck under the conditional sales agreement and on the morning of April 15, 1952, Swofford being in default, instructed its adjuster to repossess the truck. The adjuster conferred with the bankrupt on the evening of April 15, 1952, but the adjuster denies that at that time the bankrupt told him of the petition in bankruptcy. Nevertheless, the finding of the Referee was "that on April 16, 1952, without leave of the bankruptcy court, respondent repossessed bankrupt's truck, with full notice that above bankruptcy proceeding was then pending."

Petitioner asserts, correctly, that there is no express authority in the Bankruptcy Act to allow attorney's fees in this situation, whereas there is such express authority covering other situations, for example, Section 69, sub. b, of the Act, 11 U.S.C.A. § 109, sub. a, b. From this petitioner reasons that either the bankruptcy court does not have authority to award attorney's fees, except where specifically authorized, or else, if it has such authority notwithstanding, the exercise of that authority to accomplish that which Congress itself did not provide for is, under those circumstances, an unwarranted exercise of the Court's discretion.

The authority of the bankruptcy court to tax attorney's fees as costs, in the absence of statutory authorization, rests in its equitable jurisdiction, and such jurisdiction is expressly invested by Section 2, sub. a, of the Act, 11 U.S.C.A. § 11, sub. a. The bankruptcy court's jurisdiction being statutory, its equity jurisdiction is limited to that conferred by Section 2, sub. a, namely, such as is necessary to enable the court "to exercise original jurisdiction in proceedings under this Act." See Bardes v. First National Bank of Hawarden, 178 U.S. 524, 20 S.Ct. 1000, 44 L.Ed. 1175. Furthermore, since the jurisdiction of bankruptcy courts is limited by statute, "though bankruptcy proceedings are equitable in their nature and must be carried on as such, nevertheless they are to be administered in accord with the Bankruptcy Act and general orders, and not by virtue of any broad unlimited equity power." In re Judith Gap Commercial Co., 9 Cir., 5 F.2d 307, 309. A more definite and helpful statement of this last principle is, "A bankruptcy court is a court of equity, § 2, 11 U.S.C. § 11, 11 U.S.C.A. § 11, and is guided by equitable doctrines and principles *except* in so far as they are *inconsistent* with the Act." (Italics supplied.) Securities & Exchange Commission v. U. S. Realty & Improvement Co., 310 U.S. 434, 455, 60 S.Ct. 1044, 1053, 84 L.Ed. 1293. Since a general court of equity in a case where the peculiar circumstances warrant may give attorney's fees as costs without statutory authority, see Guardian Trust Co. v. Kansas City Southern Ry. Co., 8 Cir., 28 F.2d 233, if the circumstances of the present case so warrant,

there is no question of this Court's authority to tax the attorney's fees except the query whether application of the equitable doctrine would here be "inconsistent" with the Act.

It seems obvious from the very existence of a bankruptcy court's equitable powers that Congress did not intend to provide expressly for all of the court's prerogatives. True, the failure of Congress to provide expressly for attorney's fees in the instant situation does not, of itself, render a court's use of the equitable doctrine inconsistent with the Act. Nor is this conclusion changed in consideration of the express provisions for attorney's fees found elsewhere in the Act. Those provisions do not purport to deal generally with the allowance of attorney's fees. Section 69, sub. b, 11 U.S.C.A. § 109, sub. b, relates only to a special situation arising under a petition for involuntary bankruptcy where property of the alleged bankrupt is seized and the petition for adjudication is later dismissed or withdrawn. Similarly, Sections 241–250, 11 U.S.C.A. §§ 641–650, inclusive, mention attorney's fees only within the general scheme for compensation and allowance under corporate reorganization. Thus, the line of cases lead by In re Ghiglione, D.C.N.Y., 93 F. 186, including In re Morris, D.C.Pa., 115 F. 591, In re Shon, D.C.Mass., 212 F. 797, In re Sabul, D.C.N.J., 36 F.Supp. 95, but see contra In re Hogsett, D.C.Cal., 1 F.R.D. 284, stand distinguished because these cases all deal with unsuccessful petitions for involuntary bankruptcy. In all of these cases attorney's fees were not allowed because there was no seizure of the bankrupt's property and the rule for ordinary dismissals of petitions for involuntary bankruptcy, as in General Order 34, 11 U.S.C.A. following section 53, was held to apply. The cases on corporate reorganization, In re Wilkes-Barre Hotel Co., D.C.Pa., 17 F.Supp. 875, In re Childs Co., D.C.N.Y., 52 F.Supp. 89, are similarly distinguishable. Even in these cases, where the courts have regarded the provisions of the Act as sufficiently indicating the intention of Congress, the denial of attorney's fees has not been based upon lack of authority but upon the exercise of sound discretion, see In re Childs Co., supra.

■ Section 2, sub. a, clause 18, the general provision of authority to tax costs, while not regarded as giving jurisdiction to tax attorney's fees as costs, see Berry v. Root, 5 Cir., 148 F.2d 945, certiorari denied 326 U.S. 755, 66 S.Ct. 91, 90 L.Ed. 453, still cannot be interpreted as denying such jurisdiction, especially in view of Section 2, sub. b, which provides,

"b. Nothing in this section contained shall be construed to deprive a court of bankruptcy of any power it would possess were certain specific powers not herein enumerated."

Since there is no specific Congressional legislation covering the allowance of attorney's fees under the present facts, the only other indication of legislative intent is in the general tenor of the Act. As to this, it seems that Section 2, sub. a, Clause 15, pertinently supports the bankruptcy court's authority to apply the doctrine of equity, providing,

"(a) The courts of the United States hereinbefore defined as courts of bankruptcy are hereby created courts of bankruptcy and are hereby invested * * * with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in proceedings under this Act * * * to—

* * * * * *

"(15) Make such orders, issue such process, and enter such judgments, in addition to those specifically provided for, as may be necessary for the enforcement of the provisions of this Act * * *."

But petitioner contends additionally that, even if the bankruptcy court does have jurisdiction to apply the equitable doctrine, it should restrain its authority in the present situation. This contention is expressed in the following quotation from In re Childs Co., supra, 52 F.Supp. at page 92,

"It is urged on behalf of the answering creditor that, in the exercise of its equity powers, a bankruptcy court may award attorney's fees as an item of

costs. Guardian Trust Co. v. Kansas City Southern R. Co., 8 Cir., 1928, 28 F.2d 233, is cited as the authority supporting that general proposition. But despite the presence of the general power in equity, its exercise has been confined to a few well defined classes of cases. With the exception of In re Hogsett, supra, I have not succeeded in finding any authority approving its exercise in bankruptcy.

"Such judicial restraint is especially appropriate when Congress has expressly legislated on the subject. Omission of the Legislature to provide for the instance under review must be taken to express an intention not to authorize such compensation. There is hardship upon one who is unjustly petitioned into bankruptcy and who must incur expense in securing a dismissal of the petition. Nevertheless it has been frequently held that he cannot recover counsel fees except in circumstances specified in Section 69(b); 11 U.S.C.A. § 109(b), (formerly Section 3, subdivision e, 11 U.S.C.A. § 21, sub. e). In re Ghiglione, supra. Therefore I am constrained to hold that no compensation may be awarded to the attorney for the answering creditor either out of the estate or against the petitioning creditors. * * *"

However, as pointed out above, Congress has not "expressly legislated on the subject" here involved. On this point the cases of In re Childs Co., supra, and In re Ghiglione, supra, can be distinguished here on the question of judicial discretion and restraint just as they were on the question of authority.

Petitioner also cites the following bankruptcy cases wherein attorney's fees were held not taxable as costs; In re Rome, D.C.N.J., 162 F. 971, involving a bad faith disputed claim: In re Coventry Evans Furniture Co., D.C.N.Y., 171 F. 673, involving a disputed claim; In re Borok, 2 Cir., 50 F.2d 75, involving a dispute over validity of assignment of accounts receivable; Manhattan Co. v. New York, N. H. & H. R. Co., C.A.2, 171 F.2d 482, involving a disputed

claim. These cases do indicate a reluctance of bankruptcy courts to allow attorney's fees not specifically provided for, but they do not completely foreclose the possibility of such allowance. Furthermore, since the instant case is factually distinguishable it seems that even the reluctance can here be disregarded. Those cases contemplate ordinary adversary proceedings, whereas, as will be seen, the instant case goes well beyond that.

■■■ This Court deciding, then, that in this case the application of the equitable doctrine is permissible as regards the authority and proper discretion of a bankruptcy court, it turns to the final question of whether the doctrine is also factually applicable. That is, equity does not allow attorney's fees as a matter of course, but only in certain types of cases or when the peculiar facts of a case warrant, see Guardian Trust Co. v. Kansas City Southern Ry. Co., supra. Here, the peculiar circumstances of the case warrant such relief, in that petitioner's conduct constitutes an interference with the administration of the bankruptcy court and also it puts an unnecessary burden on the trust estate. The seriousness of the petitioner's conduct becomes apparent after reference to the characterization of a similar situation in Re Williams. D.C. Minn., 53 F.2d 486. That court, in upholding the Referee's use of summary proceeding in adjudication of a restoration dispute, said, 53 F.2d at page 489.

" * * * When a court has the property of a bankrupt estate in its possession for the purpose of a careful administration thereof, it must not be embarrassed and interfered with in the performance of its duties in respect thereto, through intermeddling or the taking possession, by force or otherwise, of such property, by any third person. As a practical necessity, such intermeddling with the property in possession of the court must be regarded, in effect, as in conflict with the court's authority and duty, approaching in its nature certain classes of contempt, and must be dealt with in much the same manner. Any other rule, through the

long delays which otherwise would ensue before such interference could be checked, and the effects thereof be corrected, would but serve to invite such encroachments and intermeddling, would greatly thwart the attainment of justice, and would bring the administration of the law into well-merited disrepute. * * *"

An even more forceful statement could be made in the instant case where the petitioner's intermeddling was carried on with full knowledge of the decree of adjudication. But the Court's concern whether the petitioner's conduct constituted contempt is only in relation to its consideration of whether it ought to allow attorney's fees. The Court feels that in view of the contempt nature of petitioner's conduct, coupled with the effect that the wrong doing has in this particular case, the attorney's fees ought to be allowed. It is well settled that upon the decree of adjudication the truck was in custodia legis and that thereafter the primary purpose of the bankruptcy laws is to have the bankrupt's assets collected, reduced to money and distributed to creditors as quickly as possible, and furthermore, that all of this should be so executed as to preserve for distribution to the creditors the greatest assets possible. Here, the bankrupt had an equity of only $25 in the truck. Under those circumstances, it is immediately apparent that unless the petitioner answers for all of the costs of the restoration proceeding, the amount recoverable therein would not justify the costs of contest. The Referee in his order in this proceeding has informed the Court that he has experienced similar tactics employed by finance companies and other security holders many times, and that he has so far dealt with them all in the same manner as here. It seems to the Court that this solution not only is properly within the equitable doctrine for allowance of attorney's fees, but also appears to be a solution wisely adapted to the petitioner's wrongdoing. On the one hand it discourages the use of this device altogether, and on the other hand it preserves the assets of the trust estate by permitting recovery of such small assets with-

out cost to the trust estate in the event the device has been employed.

It follows, therefore, that the order of the Referee is in all things affirmed. It is so ordered. An exception is allowed.