In re **KING'S ROW FIREPLACE SHOPS OF RIVERGATE, INC.,** Debtor.

**KING'S ROW FIREPLACE SHOPS OF RIVERGATE, INC.,** Plaintiff,

v.

**RIVERGATE ASSOCIATES,** Defendant.

**Bankruptcy No. 79–30438.**

United States Bankruptcy Court, M. D. Tennessee.

Dec. 21, 1979.

C. Kinian Cosner, Jr., Robert H. Waldschmidt, Nashville, Tenn., for debtor.

Charles B. Reasor, Jr., Nashville, Tenn., for defendant.

## MEMORANDUM

RUSSELL H. HIPPE, Jr., Bankruptcy Judge.

The debtor-in-possession has petitioned the court to hold Rivergate Associates, the lessor of the premises occupied by the debtor-in-possession, in civil and criminal contempt pursuant to Rule 920 of the Federal Rules of Bankruptcy Procedure (hereinafter "Bankruptcy Rules") for having initiated detainer actions in Davidson County General Sessions Court seeking to recover possession of the premises well after the filing of the Chapter XI petition in this court. A hearing was held and the attorney for Rivergate Associates insisted in essence that his client did not violate the stay of Bankruptcy Rule 11–44 since the detainer warrants did not name the debtor-in-possession as a defendant.

In a Memorandum entered herein on October 3, 1979, this court held that the leasehold interest of the debtor-in-possession was a res which became subject to the exclusive jurisdiction of this court upon the filing of the Chapter XI petition. The court noted in that Memorandum that "(A)ny action against the debtor-in-possession or its property has previously been stayed." This violation of the stay is punishable under Rule 920. In the case of *Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47 (2d Cir. 1976), *cert. denied*, 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d. 372 (1977) the Second Circuit Court of Appeals stated pertinently:

> Rule 11–44 specifically provides that a Chapter XI proceeding "shall operate as a stay of the commencement" of any proceedings against the debtor or with respect to the debtor's property. Since Rule 11–44 has the effect of an order and was designed to expedite automatically the stay that would otherwise be obtained by an order, it would be exalting form over substance to hold that a violation of Rule 11–44 is not punishable under § 41(a) and Rule 920 because technically the rule-based stay is not labeled an "order, process or writ."

.     .     .     .     .

In short, we conclude that the contempt power of the courts under § 41(a) and Rule 920 includes the authority to enforce the rules themselves via contempt orders. To hold otherwise would be to deprive the courts of the authority necessary to ensure that the rules are obeyed. *Id.* at 52–53.

As this case holds, an appropriate sanction to impose for civil contempt is to require payment of attorneys' fees incurred by the debtor-in-possession as a result of the violation of the stay.

At the hearing the attorney for the debtor-in-possession indicated that he had devoted in excess of 20 hours to the state court proceedings. He testified that his normal hourly rate for insolvency matters is currently $75 an hour although he had agreed with the debtor-in-possession to charge only $60 an hour. Thus, this latter rate would be applicable. On cross examination it appeared that certain of this attorney's time records were not as accurate as

might be desired but the court is satisfied that he did devote at least 5 hours to the state court actions and to seeking appropriate relief for his client in this court.

Pursuant to Bankruptcy Rule 920(a)(3) this court may not impose a fine of more than $250 as punishment for any contempt, civil or criminal. No request has been made by the debtor-in-possession to certify the facts to the district judge.

The court is of the opinion that the violation of the stay in this instance was not criminal in nature but apparently resulted from over-zealous efforts on the part of the attorneys for Rivergate Associates who apparently were not well versed in bankruptcy law. Accordingly the court is of the opinion that Rivergate Associates should be punished only for civil contempt and required to pay to the debtor-in-possession $250 for application toward its attorneys' fees.