**In re Robert Eugene WOMACK, Pamela Olene Womack, Debtors.**

**Robert Eugene WOMACK, Pamela Olene Womack, Plaintiffs,**

v.

**CITY BANK & TRUST COMPANY, Defendant.**

**Bankruptcy No. 1–80–00784.**

**Adversary Proceeding No. 1–80–0164.**

United States Bankruptcy Court, E. D. Tennessee.

June 13, 1980.

John L. Camp, Sparta, Tenn., for plaintiffs.

B. G. Marks, McMinnville, Tenn., for defendant.

## MEMORANDUM

RALPH H. KELLEY, Bankruptcy Judge.

The plaintiffs, Robert and Pamela Womack, are debtors in a Chapter 13 case. They alleged that the defendant, one of their creditors, harassed them at the meeting of creditors and after the confirmation hearing. They asked for relief from further harassment and for other appropriate relief.

B. Timothy Pirtle represented the defendant at the meeting of creditors and the hearing on confirmation. At one point he asked the plaintiffs' attorney how they proposed to deal with the defendant's claims in their Chapter 13 plan. He was satisfied with the proposal. He was, however, unable to hear what was said at the hearing on confirmation. After it he wanted to speak to the plaintiffs or their attorney to find out if the plan had been.confirmed as proposed. He spoke in passing to Mr. Womack and followed the plaintiffs and their attorney so that he could ask. The plaintiffs and their attorney apparently didn't like that. Their attorney asked him to leave. Mr. Pirtle did.

The plaintiffs admitted that Mr. Pirtle did not make any threatening statements to them. Mr. Pirtle did not intend any intimidation by his presence. In these circumstances the court can find no harass-

ment on the basis of Mr. Pirtle's actions. He might have found out what he needed to know without shadowing the plaintiffs and their attorney. On the other hand, a creditor's attorney can rightfully expect cooperation from the debtors' attorney. A creditor is obligated to leave a Chapter 13 debtor alone, especially after the plan is confirmed. That does not mean that the creditor is thereafter uninterested and can be ignored. The creditor should be able to approach the debtors' attorney without risking a charge of harassment by the debtors. A lack of finesse by the creditor or, understanding by the debtors or their attorney should not cause a complaint to be filed. It was the defendant's subsequent action that led to this proceeding.

■ On the day after confirmation of the Chapter 13 plan, an employee of the defendant called Mrs. Womack. He told her that they were several months behind on their payments and that the defendant would repossess its collateral, the debtors' truck, on the next day unless they brought the loan payments current. She told him that they were in a Chapter 13, and that it took care of the truck payments. She testified that he said that didn't make any difference. He was not present to testify though Mr. Pirtle represented that he would testify that he apologized when he was told of the Chapter 13.

In any event, Mrs. Womack was put in fear that the defendant would and could repossess their truck despite the Chapter 13 case. She told Mr. Womack of the call. He called their attorney late the same afternoon. Their attorney stayed for several more hours at his office drawing up the complaint (petition) commencing this proceeding.

Mr. Womack called the bank. He was told that Waymon Hamilton had the ledger card, but he was not there. Mr. Womack called again the next day. Again he was told to talk to Waymon Hamilton but he apparently was not there again.

After he received the complaint, Mr. Pirtle wrote a letter of apology to the plaintiffs' attorney. He explained his actions at the meeting of creditors.

At the hearing he explained that Mr. Hamilton did not receive the Chapter 13 notice because it was routed to the wrong department by mistake.

The court does not doubt that the defendant's collection officers know not to contact debtors who have filed a bankruptcy case. Mr. Hamilton surely would not have called the debtors if he had the notice of the Chapter 13 case. This is not a proper case for a contempt of court citation.

Though this is not a proper case for contempt, the defendant cannot be completely excused. It attempted to collect long after the case was commenced. The Chapter 13 plan had even been confirmed. The mistake was its own; it had notice but failed to send it to its collection department. The defendant's action caused the plaintiffs justifiable concern. They commenced this proceeding and thereby added to their debts legal expenses which should not have been necessary. They should not have to bear the further legal expenses caused by the defendant's action.

The filing fee for the complaint was $60.00. The plaintiff's attorney spent about six and one-half hours drawing up the complaint and driving to and from court. His usual fee would be $60.00 per hour.

The court will grant the plaintiffs a judgment against the defendant for $60.00, costs, and $350.00, attorney's fee.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 752.