**In re Jeffrey Lee BROOKS, Jr., Debtor.**

**Jeffrey Lee BROOKS, Jr., Plaintiff,**

**v.**

**FORD MOTOR CREDIT COMPANY, Defendant.**

**Bankruptcy No. 81–00802–W–13.**
**Adv. No. 81–0497–W–13.**

United States Bankruptcy Court,
W. D. Missouri, W. D.

June 16, 1981.

Maurice B. Soltz, Kansas City, Mo., for plaintiff/debtor.

James Humphrey, Jr., Kansas City, Mo., for defendant.

## MEMORANDUM OPINION AND ORDER FOR SANCTIONS

FRANK P. BARKER, Jr., Bankruptcy Judge.

This action was a Complaint Seeking Turnover Order and for Sanctions for Violation of Automatic Stay. Trial was held before this Court on April 7, 1981, all parties being represented in person and by counsel. Mr. Maurice B. Soltz appeared for the plaintiff, and Mr. James Humphrey for the defendant.

After hearing the evidence presented by both parties, this Court, on April 8, 1981, sustained the plaintiff's complaint and ordered that Ford Motor Credit Company immediately turnover to the plaintiff his 1975 Ford Econoline Van. This April 8, 1981 order also instructed the parties to submit briefs to determine the extent of damages occasioned by the defendant's violation of 11 U.S.C. § 362.

The Court finds that defendant had sufficient knowledge that a bankruptcy was imminent to put it on notice with a duty to inquire. See *Matter of MacDonald*, 6 B.R. 23 (Bkrtcy.N.D.Ohio, W.D.1980). The repossession was a violation of the automatic stay imposed by 11 U.S.C. § 362.

Having found the defendant's actions to be contemptuous, the integrity of the bankruptcy process demands that violations of the stay orders of this Court be duly sanctioned.

■ This Court's authority to award the reparative relief requested by the debtor is not solely limited to the $250.00 ceiling of Rule 920(a)(3). Rule 920(a)(3) explicitly applies only to fines as punishment for acts of contempt. *In the Matter of Preferred Surfacing, Inc.*, 3 B.C.D. 94, 96 (N.D.Ga.1976). In the case of *Preferred Surfacing, Inc., supra* the court stated.

"An award of compensatory damages, costs, and attorney fees is not punitive in nature, but rather is designed to indemnify and make the Debtor whole for losses suffered by reason of the wrongful acts of the contemnor. Indeed, the very purpose of a civil contempt proceeding, unlike its criminal counterpart, is to coerce compliance with an order of the court and to compensate a party litigant for injuries occasioned by the contemnor's noncompliance. See, e. g. *Southern Railway Company v. Lanham*, 403 F.2d 119 (5th Cir. 1968); *Rivers v. Miller*, 112 F.2d 439 (5th Cir. 1940); *In re American Associated Systems, Inc.*, 373 F.Supp. 977 (E.D. Ky.1974); *U. S. v. J.B. Williams Co., Inc.*, 354 F.Supp. 521 (D.N.Y.1973); *modified on other grounds*, 498 F.2d 414 (6th Cir. 1974). It is apparent, therefore, that the $250 ceiling referenced in Rule 920(a)(3) serves only to limit the amount of a punitive fine that a Bankruptcy Judge may impose to redress an affront to the dignity of the Court, rather than to preclude the compensatory relief which is the essential feature of a civil contempt proceeding initiated by an injured party." at 96

This interpretation of Rule 920(a)(3) is also in agreement with the Note of the Advisory Committee which follows Rule 920:

"The limitation imposed by paragraph (3) on the punishment that may be ordered by the referee is a safeguard against excessive use of his power in circumstances when his personal feelings have become engaged."

■ The question is whether the plaintiff is entitled to award of compensatory damages, costs and attorney's fees based on the facts of the case.

Although the evidence presented at trial was rather skimpy as to actual damages suffered by the plaintiff, it is evident that this situation caused him undue hardship. He was required to seek and obtain alternative transportation to and from various worksites. He was required to pay for this alternative transportation. The plaintiff testified that he often missed work as a result of a lack of transportation. Further, his personal life has been greatly inconvenienced and he has been forced to go to court to enforce compliance in this matter. Based on the facts presented, this Court awards the plaintiff $400.00 in compensatory damages, which is based on ten (10) days missed work, eight (8) hours per day at $5.00 per hour.

■ The general authority of a bankruptcy judge to assess costs against a party adjudged in contempt of court may be found in Rule 754 of the Bankruptcy Rules, which states: ". . . costs may be taxed and judgment therefor rendered by the court." See also *In re Shelor*, 391 F.Supp. 384 (W.D. Va.1975) (affirming bankruptcy judge's award of costs in contempt proceedings); cf., *In re Northern Indiana Oil Co.*, 192 F.2d 139 (7th Cir. 1951); *Preferred Surfacing, Inc., supra*. Hence, costs in this case will be assessed against the defendant in the amount of $56.00.

■ With respect to the debtor's request for attorney fees, it should be noted that while there is no express provision in the Act or Rules for an award of attorney's fees in a case like this, this Court as a federal court sitting in equity has the power to award such fees in exceptional cases where justice so demands. See *Sprague v. Ticonic Natl. Bank*, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939); *Toledo Scale Co. v. Computing Scale Co.*, 261 U.S. 399, 43 S.Ct. 458, 67 L.Ed. 719 (1923); *Norstrom v. Wahl*, 41 F.2d 910 (7th Cir. 1930); *In re Carico*, 308

F.Supp. 815 (E.D.Va.1970); *In re Swofford,* 112 F.Supp. 893 (D.Minn.1952).

Attorney's fees have been awarded in the following bankruptcy contempt of court cases (many of which were automatic stay violations): *In re Womack,* 4 B.R. 632, 6 B.C.D. 543 (Bkrtcy.E.D.Tenn.1980) (awarded $60.00 costs and $350.00 attorney's fees); *In re Kings Row Fireplace Shops of Rivergate,* 1 B.R. 720 (Bkrtcy.M.D.Tenn.1980) ($250.00 for application towards attorney's fees); *In re David Edward Stalnaker,* 5 B.C.D. 203 (S.D.Ohio 1978) ($100.00 attorney's fees); *In re Chester Earl Holifield,* 2 B.C.D. 1208 (S.D.Ala.1976) ($100.00 attorney's fees; $50.00 filing fee; and $100.00 coercive fine); *In re Spencer Jerome Tillery,* 2 B.C.D. 798 (S.D.Ala.1976) ($100.00 attorney's fees; $56.00 expenses; $50.00 coercive fine); *Preferred Surfacing, Inc., supra* (costs and reasonable attorney's fees); *In re Swofford,* 112 F.Supp. 893 (D.Minn. 1952) (attorney's fees); and *In re Carico,* 308 F.Supp. 815 (E.D.Va.1970) (Costs and attorney's fees).

The facts and circumstances of this case also justify an award of attorney's fees to the plaintiff in the amount of $450.00.

The final consideration is whether a fine should be levied. There was no evidence of prior misconduct on the part of the defendant. Under the facts and circumstances of this case, no fine will be assessed. It goes without saying that the defendant is warned that any future contempts will be strongly dealt with.

Plaintiff will be allowed compensatory damages of $400.00; costs of $56.00; and attorney's fees of $450.00.

Plaintiff shall prepare, serve and file an appropriate judgment consistent with this opinion within seven (7) days.