In re Alton R. GIBSON, Cherryl R. Gibson, Debtors.

Bankruptcy No. 2–81–00160.

United States Bankruptcy Court, S. D. Ohio, E. D.

Dec. 31, 1981.

David C. Lasky, Columbus, Ohio, for debtors.

H. Glen Flagler, Westerville, Ohio, for Holton TV.

Frank Pees, trustee, Worthington, Ohio.

## ORDER ON MOTION FOR CONTEMPT

R. J. SIDMAN, Bankruptcy Judge.

The Chapter 13 debtors, Alton R. and Cherryl R. Gibson, have requested from this Court a finding that Holton TV is in contempt of this Court for its violation of the provisions of § 362 of the Bankruptcy Code (11 U.S.C. § 362). The Gibsons request that damages and attorney's fees be awarded to them. The Court makes the following findings of fact.

On January 16, 1981, the Gibsons filed their joint voluntary petition requesting relief under the provisions of Chapter 13 of the Bankruptcy Code. Listed among their creditors was Holton TV in the amount of $1,000.00, with an indication that Holton TV held a security interest in two television sets, a washer and a dryer. Holton TV was sent appropriate notification of this filing on January 31, 1981, and, in fact, appeared at a meeting of creditors held on February 18, 1981. The Chapter 13 plan of the Gibsons was confirmed by this Court by order of February 24, 1981, such plan calling for a 100% dividend on all claims, both secured and unsecured. Holton TV has not filed a proof of claim in this proceeding to date, and it appears it is now time-barred from filing such claim pursuant to the provisions of Rule 13–302(e)(2) of the Rules of Bankruptcy Procedure.

Subsequent to confirmation, Holton TV has made several contacts with the Gibsons in an attempt to collect monies due it and also to repossess the merchandise in which it claims to have a lessor's interest. In spite of the knowledge of Holton TV from at least as early as February 4 or 5, 1981, of the pendency of this Chapter 13 case, Holton TV has taken steps to harass these debtors. The Court specifically finds that various persons, representing themselves to be agents of Holton TV, visited the Gibson home at least four times between April and October of 1981 attempting to repossess the television sets, and the washer and dryer. In addition, on numerous occasions, persons identifying themselves as agents of Holton TV (sometimes claiming to be "Mr. Holton") have called the Gibson home and threatened repossession, sheriff's execution, and other acts intended to result in the recovery of its claim against the Gibsons other than under the then-confirmed Chapter 13 plan.

The Bankruptcy Code is quite clear that the effect of confirmation of a Chapter 13 plan is to bind a creditor to the payback of its claim under the provisions of the confirmed plan.

"(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or

not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a).

Holton TV was provided for by the debtors' Chapter 13 plan, and Holton TV neither objected to nor rejected the plan. In fact, Holton TV appears to have totally ignored the Chapter 13 filing of these debtors and has assumed it was free of any restraint to pursue collection from these debtors in any manner it deemed feasible and appropriate.

Holton TV is clearly bound by the provisions of § 362 of the Bankruptcy Code which indicate that a Chapter 13 petition operates as a stay against:

> "(5) Any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
>
> "(6) Any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title; . . ." 11 U.S.C. § 362(a)(5) and (6).

■ Holton TV has chosen to ignore the provisions of § 362 of the Bankruptcy Code, and has done so intentionally. This Court, in assessing the credibility of the evidence presented to it, finds that Holton TV, with knowledge of the debtors' Chapter 13 petition, knowingly violated the provisions of § 362 of the Bankruptcy Code by its numerous attempts, both by personal visits to the Gibson home, and by phone calls, often harassing in nature, to the debtors in an attempt to collect upon its claim outside the provisions of the confirmed Chapter 13 plan. This Court further finds that any claim by Holton TV that its characterization of the relationship between it and the Gibsons is one of lessor/lessee, as opposed to secured creditor/debtor, is without merit, and in any event, would not absolve or validate its post-petition conduct in this case.

A debtor's invocation of the jurisdiction of the Bankruptcy Court to help solve his financial difficulties is notice to the creditor world that certain actions may not be commenced against such a debtor.

"Once here (in the bankruptcy court), and once knowledge of the bankruptcy is communicated to creditors, directly or indirectly, the burden is more appropriately placed on them to discover the parameters of permissible action against the debtor." *In re Reed*, 11 B.R. 258, C.C.H. Bankr.L.Rep. ¶ 68,344 (D.Utah 1981).

This Court hereby finds Holton TV in contempt of this Court for its conduct, and the conduct of its agents, taken against the Gibsons in violation of the provisions of § 362 of the Bankruptcy Code. See *Brooks v. Ford Motor Credit Company (In re Brooks)*, 12 B.R. 283, 8 B.C.D. 95 (W.D.Mo. 1981).

The Gibsons testified rather vaguely concerning damages which they may have suffered as a result of this conduct. Mrs. Gibson testified that she missed work to attend the contempt hearing, and that she missed some work previously as a result of her "anxiety" over the harassment by Holton TV. Mr. Gibson, who is disabled, testified that the harassment by Holton TV "upset him" and that his doctor expressed concern that he was taking too much medication in response to this agitation. It may also be fairly presumed that the Gibsons incurred attorney's fees in a reasonable amount for the prosecution of this contempt motion.

■ The integrity of the bankruptcy process demands that violations of the stay orders of this Court be duly sanctioned. It was and is not unreasonable to expect that creditors of Chapter 13 debtors conform their post-petition conduct to those acts which are permitted under the provisions of the Bankruptcy Code. Holton TV chose to ignore such constraints on its conduct, and it is appropriate that this civil contempt, previously found by this Court, be duly sanctioned by the imposition of a compensatory fine. See 11 U.S.C. § 105 and 28 U.S.C. § 1481. The Court hereby awards, as compensatory damages to the Gibsons, the sum of $80.00, representing approximately two (2) days' net wages earned by Mrs. Gibson, the sum of $100.00, represent-

ing compensation for the harassment and inconvenience caused by Holton TV to the Gibsons, and the sum of $150.00, representing a reasonable attorney's fee for legal services occasioned solely by the unlawful and contemptuous conduct of Holton TV. Holton TV shall pay to the Gibsons, within ten (10) days of the date of this Order, the sum of $330.00.

IT IS SO ORDERED.