**In the Matter of Frank Wesley BRAY, Lynn Gray Bray, Debtors.**

**No. 81–02473A.**

United States Bankruptcy Court, N. D. Georgia.

Jan. 5, 1982.

Paul C. Parker, Decatur, Ga., for debtor.

## ORDER

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

Hearing having been held on October 20, 1981 on the above-named debtors' motion that Colisco Federal Credit Union be found in contempt of court, and no answer having been filed and no representative of Colisco having appeared, and after hearing evidence, it is the finding of the court that Colisco continued to deduct $126.00 per payroll two times after the filing of this Chapter 13 case and receipt of the debtor's Chapter 13 plan and the stay of any continued deductions and after debtor's attorney had made requests to Colisco that Colisco cease such deductions. It is further found that, after such two deductions, despite requests from the debtor's attorney for refund of such amount, Colisco has refused to return the said amount to the debtor. Wherefore, it is ORDERED, ADJUDGED and DE-CREED that Colisco Federal Credit Union, acting with knowledge of the Chapter 13 filing, is in violation of the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. § 362(a) and contempt of the orders of this court, for the improper continued payroll deduction and for the collection of the two (2), payments on June 10, 1981 and July 10, 1981 of $126.00 each, and for failure to return such amounts when requested by debtors' attorney.

Having found the actions of the credit union to be contemptuous, the integrity of the bankruptcy process and the uniform conformity to the provisions of the Bank-

ruptcy Code and recognition of the automatic stay of 11 U.S.C. § 362(a), demands that willful violations of the stay orders of this Court be duly sanctioned.[1]

IT is ORDERED that Colisco Credit Union refund to the debtor the sum of $252.00 deducted after the filing of this Chapter 13 petition.

The action of Colisco caused certain costs of debtor including the filing of this motion for contempt. Debtor is entitled to reimbursement of expenses caused by its contemptuous acts.[2]

Thus, it is further ordered that Colisco Federal Credit Union pay the sum of two hundred ($200.00) dollars to Paul C. Parker, attorney for the debtors, as reasonable attorney fees, occasioned by Colisco's actions of contempt, in representing debtor in his unsuccessful negotiations with Colisco and in bringing this motion and appearing at the hearing.[3]

It is further ORDERED that Colisco Credit Union pay to the Debtors, Frank Wesley Bray and Lynn Gray Bray the sum of $25.00 as reasonable expenses incurred in attending the hearing in this court on October 20, 1981.

Said amounts shall be paid by Colisco within fifteen (15) days from the date of this order.

IT IS SO ORDERED.

---

1. *Brooks v. Ford Motor Credit Company*, 12 B.R. 283, 8 B.C.D. 95 (Bkrtcy.Mo.) See 28 U.S.C. § 1481.

2. See Bankruptcy Rule 754: "[C]osts may be taxed and judgment rendered by the court." While there is no express provision in the Act or Rules for an award of attorney's fees against a contemptor, this Court of the United States, of law and equity, has the power to award such fees in such cases. 11 U.S.C. § 105, 28 U.S.C. § 1481, 28 U.S.C. § 15(a). It should be noted that Bankruptcy Rule 920(a)(3) is inconsistent with and thus inapplicable under the Bankruptcy Code. *See* cases cited in *Brooks, supra,* 12 B.R. 283, 8 B.C.D. at p. 96; *Sprague v. Ticonic Natl. Bank,* 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939); *Toledo Scale Co. v. Computing Scale Co.,* 261 U.S. 399, 43 S.Ct. 458, 67 L.Ed. 719 (1923); *Norstrom v. Wahl,* 41 F.2d 910 (7th Cir. 1930); *In re Carico,* 308 F.Supp. 815 (E.D. Va. 1970); *In re Swofford,* 112 F.Supp. 893 (D.Minn.1952).

The *Brooks* opinion, *supra,* stated: "Attorney's fees have been awarded in the following bankruptcy contempt of court cases (many of which were automatic stay violations); *In re Wom-*

*ack,* 4 B.R. 632, 6 B.C.D. 543 (Bkrtcy.E.D.Tenn. 1980) (awarded $60.00 costs and $350.00 attorney's fees); *In re Kings Row Fireplace Shops of Rivergate,* 1 B.R. 720 (Bkrtcy.M.D.Tenn.1980) ($250.00 for application towards attorney's fees); *In re David Edward Stalnaker,* [4] 5 B.C.D. 203 (S.D.Oh.1978) ($100.00 attorney's fees); *In re Chester Earl Holifield,* 2 B.C.D. 1208 (S.D.Al.1976) ($100.00 attorney's fees; $50.00 filing fee; and $100.00 coercive fine); *Preferred Surfacing, Inc., supra* (costs and reasonable attorney's fees); *In re Swofford,* 112 F.Supp. 893 (D.Minn.1952) (attorney fees); and *In re Carico,* 308 F.Supp. 815 (E.D.Va.1970) (costs and attorney's fees)." *Brooks v. Ford Motor Credit Company,* 12 B.R. 283, 8 B.C.D. 95 at 96. See also *Fidelity Mortgage Investors v. Camelia Builders, Inc.,* 550 F.2d 47 (2nd Cir. 1976). See also: *Elder v. City of Thomasville,* 12 B.R. 491, 7 B.C.D. 1153, 1157 (Bkrtcy.Ga.).

3. "Having found the defendant's actions to be contemptuous, the integrity of the bankruptcy process demands that violations of [2] the stay orders of this Court be duly sanctioned." *Brooks v. Ford Motor Credit, supra.*