Anthony MARTIN–TRIGONA, Petitioner,

v.

**Alan SHIFF, Respondent.**

**Civ. No. B–82–89.**

United States District Court,
D. Connecticut.

April 19, 1982.

Anthony Martin-Trigona, pro se.

Richard Coan and Irving Perlmutter, New Haven, Conn., for trustees in bankruptcy, Richard Belford and Daniel Meister.

## MEMORANDUM OF DECISION

DALY, District Judge.

The question before the Court is whether a United States Bankruptcy Judge has the power to order imprisoned for civil contempt a debtor who refuses to submit to examination by the trustees in bankruptcy pursuant to Rule of Bankruptcy Procedure 205. The question has been raised in a purported habeas corpus petition in which the debtor-petitioner has named the bankruptcy judge as respondent. A habeas corpus petition seems an ill-suited vehicle for raising the question, for the bankruptcy judge is not petitioner's custodian. The better procedure might have been for petitioner to appeal the contempt order, but he has not done so.

Two other factors complicate the procedural background of this case. First, when petitioner filed his petition he was incarcerated on a sentence from the United States District Court for the Central District of Illinois. Thereafter, on March 9, 1982, the Court of Appeals for the Seventh Circuit approved documents submitted in support of petitioner's application for bond, and ordered him released on bond pending appeal of his conviction. At that point, the bankruptcy judge's civil contempt order became the sole reason for petitioner's continued incarceration.

The second procedural twist was petitioner's filing of a lawsuit naming all the judges of the District of Connecticut, among others, as defendants, on April 5, 1982. Even though this Court had issued Orders to Show Cause, and had received responses from the trustees in bankruptcy and from the United States Attorney, it decided to proceed cautiously and to stay any further proceedings because of its having become a defendant. The lawsuit came to the Court's attention because petitioner mailed a "courtesy copy" of the complaint to chambers. Proper service of the complaint, however, has not been made, and apparently no arrangements for service have been undertaken. Because of the risk of creating a stalemate, with petitioner refusing to purge himself of civil contempt

and with the Court remaining an unserved though named defendant in petitioner's lawsuit, the better course now appears to be to decide the issue presented, and allow the parties their rights of appeal.

In ordering petitioner confined for contempt, Judge Shiff relied on the grant of power to bankruptcy courts contained in 28 U.S.C. § 1481 (1978), Pub.L. 95–598, § 241(a). Through that statute Congress gave bankruptcy courts the "powers of a court of equity, law and admiralty", excepting certain injunctive and criminal contempt powers. Section 1481 is to become effective April 1, 1984 (Pub.L. 95–598, § 402(b)), but Congress advanced its true effective date to the beginning of the transition period, October 1, 1979 (Pub.L. 95–598, § 405(b)). For all practical purposes, bankruptcy courts have whatever powers Congress intended to and could grant by means of § 1481 now.

The "powers of a court of equity, law and admiralty" certainly include the power to order imprisoned in a civil contempt proceeding a witness who improperly refuses to testify. 28 U.S.C. § 1826 provides that a court may summarily order a recalcitrant witness who refuses to testify when ordered in "any proceeding before or ancillary to any court or grand jury of the United States" confined until "such time as the witness is willing to give such testimony", but in any event no longer than the life of the court proceeding. Though Judge Shiff did not specifically identify § 1826, his order confining petitioner appears to be in conformity with its provisions.

The problem is that if civil contempt powers of § 1826 were made applicable to bankruptcy courts by § 1481, they are in conflict with the earlier Rule of Bankruptcy Procedure 920. Rule 920 was, and, petitioner argues, still is, a limitation on a bankruptcy judge's contempt powers. That Rule established a ceiling of $250 for any fine imposed as punishment, and placed an order of imprisonment beyond the judge's authority.

One possible answer to the conflict of § 1481 and Rule 920 is provided by Pub.L. 95–598, § 405(d) in which Congress declared any rules inconsistent with the new statute to be nugatory. If this Court relied on that section, it would conclude that § 1481 overrides the limitations of Rule 920, and that Judge Shiff's order was proper.[1]

However, that result ignores two traditional principles of statutory construction. First, any law which pre-dates a statutory change continues in effect, unless Congress specifically declares it repealed or superseded. According to that principle, the apparently casual declaration of § 405(d) would hardly be enough to render Rule 920 void without a clear statement from Congress. Second, a corollary is that any punitive power is to be narrowly construed. Of course, civil contempt is not punitive in nature, it is only coercive. However, the incarceration which results from a civil contempt order is sufficiently onerous to make the principle of construction applicable here as it would be had Judge Shiff held petitioner in criminal contempt. This Court doubts that Congress' general grant of power in § 1481 is sufficiently specific to increase so dramatically the scope of contempt powers from what they were when Rule 920 was unchallenged by § 1481. If Congress meant to so increase those powers, they should say so.

Obviously, the question of the legitimacy of an order confining a debtor who refuses to testify is extremely close. The Court certainly could support a decision that such an order was authorized by § 1481. However, the traditional principles of construction compel a contrary conclusion. Section 1481 is a general grant of power, not a specific grant of contempt authority. Therefore, the earlier Rule 920 can not be swept aside without a clear statement of intent from Congress.

This Court is not aware of any other decision directly on point. Bankruptcy courts which have discussed their own con-

---

1. Proposed bankruptcy rule 9020 would give a bankruptcy judge power to punish behavior considered criminal contempt under 18 U.S.C. § 401, as long as committed in the judge's presence. The rule has merely been proposed; it is not yet effective.

tempt powers in light of § 1481 have most often decided that they may order contemnors to pay actual money damages, *In re Gibson*, 16 B.R. 682 (S.D.Ohio 1981); *Matter of Batla*, 12 B.R. 397 (N.D.Ga.1981); *In re Reed*, 11 B.R. 258 (D.Utah 1981), or have ordered assets returned and an accounting, *In re Sandmar Corp.*, 12 B.R. 910 (D.N.M.1981). None other has ordered a contemnor confined.

The cautious course of upholding the validity of Rule 920 despite the sweeping language of § 1481 is best suited when the interest at stake is petitioner's liberty. The Court does not intend to approve in any way petitioner's refusal to testify. However, on the precise question presented, the Court concludes that the bankruptcy judge was without power to order petitioner confined. Petitioner is ordered released forthwith.

It is SO ORDERED.