**In re Charles O. SHROPSHIRE and Ewondia Anece Shropshire, his wife, Debtors.**

**Bankruptcy No. 82–677T.**

United States Bankruptcy Court,
W.D. Washington.

Nov. 10, 1982.

Bart L. Adams, Tacoma, Wash., for debtors.

Douglas P. Wyckoff, Olympia, Wash., for contemnor.

## DECISION ON APPLICATION
## FOR CONTEMPT

ROBERT W. SKIDMORE, Bankruptcy Judge.

This matter came on regularly for hearing upon the debtors' Application for Order to Show Cause Re: Contempt and Attorneys Fees for violation of the automatic stay under 11 U.S.C. § 362, which named Grimm Collections, Inc. as the contemner. The debtors were represented by Bart L. Adams and Grimm Collections, Inc. was represented by Douglas P. Wycoff.

Grimm Collections, Inc. entered a default judgment against the debtors on March 13, 1981, in Thurston County District Court for the amount of $349.13. On February 22, 1982, Grimm Collections, Inc. moved for entry of an order for Charles Shropshire to appear for examination in supplemental proceedings, and he was so ordered to appear on April 9, 1982. Mr. Shropshire failed to appear as directed. On April 22, 1982, Grimm Collections, Inc. made application for a bench warrant to issue for Charles Shropshire's failure to appear at the supplemental proceeding.

On April 9, 1982, the Shropshires filed a petition for relief under Chapter 7 of the Bankruptcy Code. The debt to Grimm Collections, Inc. was duly listed on the debtors' bankruptcy schedules, and Grimm Collections, Inc. received the initial bankruptcy notice during the week of May 3, 1982. John Grimm, President of Grimm Collections, Inc. testified that Thurston County District Court was contacted on May 11,

1982 regarding the bench warrant. No other efforts were taken to quash the bench warrant.

An order on Grimm Collections, Inc.'s application for a bench warrant was entered on June 30, 1982, setting bail in the sum of $250.00. On July 6, 1982, a Thurston County Sheriff appeared at the Shropshire home, placed Charles Shropshire under arrest and took him to the County jail, where he was held in custody for one hour prior to being released.

■ 11 U.S.C. § 362(a) provides that certain activity on pre-petition claims is stayed by the commencement of a case under 11 U.S.C. § 362.

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of this case under this title against any claim claimed against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

The basic remedy available to a debtor for a creditor's violation of the automatic stay is an application for an order of contempt. 3 *Collier Bankruptcy Practice Guide*, 640.-05[1].

The bankruptcy court's authority to enter orders for contempt is set forth in the Bankruptcy Code under 11 U.S.C. § 105. "The bankruptcy court may issue an order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The only limitation on the bankruptcy court's contempt powers is contained in 28 U.S.C. § 1481, which states that a bankruptcy judge may not ". . . punish a criminal contempt not committed in the presence of the judge of the court or warranting a punishment of imprisonment."

■ The bankruptcy court's entry of the automatic stay is a specific order of court which may be enforced by contempt proceedings. In *Re Stacy*, 21 B.R. 49 (Bkrtcy.1982). *Abt v. Household Finance Co.*, 2 B.R. 323 (Bkrtcy.1980). The bankruptcy court may award compensatory damages, costs and attorney's fees for violations of the automatic stay.

An award of compensatory damages, costs, and attorney's fees is not punitive in nature, but rather is designed to indemnify and make the debtor whole for losses suffered by reason of the wrongful acts of the condemn[e]r. Indeed, the very purpose of a civil contempt proceeding, unlike its criminal counterpart, is to coerce with an order of the court and compensate a party litigant for injuries occasioned by the contemn[e]r's non-compliance. . . . . *In Re Brooks*, 12 B.R. 283, 285 ( [Bkrtcy.] 1981) [citing *In Matter of Preferred Surfacing, Inc.*, 3 B.C.D. 94, 96 (1976) ].

The bankruptcy court's ability to fine or award compensatory damages is not limited to $250.00 as set forth under Federal Bank-

ruptcy Procedure Rule 920, since said limitation is inconsistent with the provisions of the Bankruptcy Code, *In Re Stacy, supra; Matter of Lowe,* 18 B.R. 20 (Bkrtcy.1980); 1 *Norton Bankruptcy Law and Practice,* Part 4, § 4.31; Part 20 § 20.36.

The majority of the reported cases on civil contempt for violations of the automatic stay focus on what responsibility the creditor has to prevent legal proceedings and collection proceedings from continuing beyond the filing of the petition. Numerous cases hold that the creditor must take affirmative steps to halt the legal proceedings. *In Re Miller,* 10 B.R. 778 (Bkrtcy. 1981) affirmed 22 B.R. 479 (1982); *In Re Baum,* 15 B.R. 538 (Bkrtcy.1981); *In Re Elder,* 12 B.R. 491 (Bkrtcy.1981); *In re Shiko,* 21 B.R. 203 (Bkrtcy.1982).

> The absence from § 362 of any express provision that a creditor take affirmative action does not mean that receiving notice of the filing by a debtor of a petition in bankruptcy, a creditor may do nothing. He may, for example, be required to cancel a foreclosure sale, postpone a hearing scheduled in a matter pending against the debtor, dismiss an action filed against the debtor in violation of the stay, or to take other affirmative action, the failure of which would itself constitute a violation or continuing violation of the stay. It is implied in § 362 that a creditor is under an obligation to maintain the status quo as of the moment of the filing of the petition and to take whatever affirmative action is necessary to do so. *In Re Miller, supra,* p. 780.

The court in *In Re Shiko,* 21 B.R. 203 (Bkrtcy.1982) held a bank in contempt for violation of the automatic stay for repossession of an automobile on May 12, 1981, when the petition had been filed on April 6, 1981, and the bank had received notice of the bankruptcy on May 11, 1981. The court found that the bank's single telephone call to stop the repossession was not a "... sufficient nor a reasonable effort under the circumstances, *In Re Shiko, supra,* p. 204."

The creditor's application for a bench warrant on April 22, 1982, is clearly a violation of 11 U.S.C. § 362(a). The subsequent efforts made by Grimm Collections, Inc. to abate the issuance of the warrant were not sufficient to discharge its implied responsibility under 11 U.S.C. § 362 to discontinue all collection efforts and legal proceedings. Therefore, the court finds that Grimm Collections, Inc. is in contempt of this court's order imposing the automatic stay.

As a result of Grimm Collections, Inc.'s contemptuous conduct, Charles Shropshire was arrested by a deputy sheriff at his abode and was held in custody at the Thurston County jail for a period of one hour. His testimony was that he was humiliated in front of his family and neighbors. He was further demeaned while in custody at the jail. The court finds that the debtor's dignity in the community was damaged and hereby awards the debtor compensatory damages in the amount of $2,500.00.

In his application the debtor has requested an award of reasonable attorney fees. The court finds that there is ample authority for an award of attorney fees for contempt in a bankruptcy case. See *In Re Brooks,* 12 B.R. 283, 286 (Bkrtcy.1981). Therefore, the debtor is awarded attorney fees in the amount of $600.00.

Therefore, it is now ORDERED, ADJUDGED AND DECREED that the debtor is awarded judgment against Grimm Collections, Inc. in the amount of $3,100.00.