In re Nancy Carolyn BROWN a/k/a Nancy Dowdy Brown, Debtor.

No. 80–02791A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

July 27, 1981.

Jay E. Loeb, Gershon, Ruden, Pinder & Olim, Atlanta, Ga., for petitioner.

Michael B. T. Wilkes, Lyles, Lyles & Hammett, Spartanburg, S. C., for respondent.

## ORDER

W. HOMER DRAKE, Bankruptcy Judge.

On August 15, 1980, Nancy Carolyn Brown filed her original petition under Chapter 13 of the Bankruptcy Code. The debtor listed in her schedules Converse College as an unsecured creditor in the amount of $2,307.58. The debt owed to Converse College was incurred by Nancy Carolyn Brown for the education of her daughter, Lillian Wednesday Brown. Nancy Carolyn Brown did not list her daughter as a dependent in her schedules. On July 23, 1979, Converse College obtained a default judgment against Nancy C. Brown and Lillian Wednesday Brown in the amount of $2,647.58 in the State Court of Fulton County, Georgia. Both Browns requested a certified transcript of Lillian Wednesday Brown's grades to enable her to attend another college. Converse College refused to comply with this request.

The issues the above set of facts present are: (1) whether Lillian Wednesday Brown is protected by the codebtor stay of 11 U.S.C. § 1301; and (2) whether the action of Converse College in refusing to give Lillian Wednesday Brown a certified copy of her transcript violates the automatic stay of 11 U.S.C. § 362(a)(6).

### Codebtor Stay

■ 11 U.S.C. § 1301 provides that "... a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor..." 11 U.S.C. § 1301(c) provides that relief from the codebtor stay may be granted after notice and a hearing if:

"(1) as between the debtor and the individual protected under subsection (a) of this section, such individual received the

consideration for the claim held by such creditor."

Lillian Wednesday Brown received the education, meals and books which were the consideration for the debt at issue. A student typically receives the benefit of the education which their parents may choose to provide them. Accordingly, as Lillian Wednesday Brown received the entire consideration for the debt in the instant case, the exception to the codebtor stay contained in 11 U.S.C. § 1301(c)(1) is applicable in the instant case. See *In the Matter of Gary P. Johnson*, 6 B.C.D. 12 (W.D.N.Y.1980).

### The Automatic Stay

■ The debtor has argued that the actions of Converse College violate 11 U.S.C. § 362(a)(6). This section of the Bankruptcy Code provides that a petition filed under the Bankruptcy Code operates as a stay, applicable to all entities of

"(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title."

The Courts have held that where a college withholds a transcript from a debtor the automatic stay is violated. *In re Lanford*, 10 B.R. 132 (Bkrtcy.D.Minn.1981); *In re Ware*, 9 B.R. 24 (Bkrtcy.W.D.Mo.1981); *In re Heath*, 3 B.R. 351 (Bkrtcy.N.D.Ill.1980). However, Converse College is not denying the debtor a copy of her transcript, but rather, Converse College is denying the debtor's daughter a copy of her transcript. This distinction is sufficient to take the instant case beyond the scope of 11 U.S.C. § 362(a)(6).

The legislative history to § 362(a)(6) states:

"Paragraph (6) prevents creditors from attempting in any way to collect a prepetition debt. Creditors in consumer cases occasionally telephone debtors to encourage repayment in spite of bankruptcy. Inexperienced, frightened, or ill-counseled debtors may succumb to suggestions to repay notwithstanding their bankruptcy. This provision prevents evasion of the purpose of the bankruptcy laws by sophisticated creditors." H.R. No. 95–595, 95th Cong., 1st Sess., (1977)

340–2; S. Rep. No. 95–989, 95th Cong., 2d Sess. (1978) 49–51; U. S. Code Congressional and Administrative News 1978, pp. 5787, 5836.

This indicates that creditors should not badger a debtor. In the instant case, Converse College has not badgered Nancy Carolyn Brown. Rather, Converse College is withholding a benefit from the debtor's daughter, Lillian Wednesday Brown. Despite the relationship between mother and daughter, they are separate individuals. Accordingly, though Nancy Carolyn Brown may feel a moral obligation to pay her daughter's debt to Converse College so as to enable her daughter to attend another college, following the policy explained above with regard to the codebtor stay, Converse College has not violated the automatic stay of 11 U.S.C. § 362(a)(6) in the instant case.

IT IS SO ORDERED.