In re Dino Joseph SMITH, Debtor.

Dino Joseph SMITH, Plaintiff,

v.

CONNECTICUT STUDENT LOAN
FOUNDATION, Defendant.

Bankruptcy No. 5–80–325.
Adv. No. 5–80–079.

United States Bankruptcy Court,
D. Connecticut.

Nov. 2, 1981.

Francis X. Dineen, New Haven, Conn., for plaintiff.

Robert G. Oliver, Flanagan, Dorsey, Mulvey & Oliver, New Haven, Conn., for defendant.

## MEMORANDUM AND ORDER ON MOTION TO AMEND COMPLAINT

ALAN H. W. SHIFF, Bankruptcy Judge.

On February 23, 1981, the plaintiff filed a complaint, seeking to determine the dischargeability of a debt, arising out of a student loan, listed on Schedule A–3 of the Chapter 7 petition in bankruptcy he filed in this court on May 9, 1980. The theory of the plaintiff's complaint is that repayment of the student loan would impose an undue hardship upon him and therefore, pursuant to Code Section 523(a)(8)(B), the debt was not excluded from discharge.

On March 12, 1981, the defendant filed an answer, essentially denying the allegations

of the plaintiff's complaint, and a counterclaim, claiming a determination that the debt is nondischargeable and seeking judgment in its favor. A reply, special defense and counterclaim to the defendant's counterclaim were filed by the plaintiff on June 9, 1981.

On June 9, 1981 the plaintiff also filed a motion for leave to amend his complaint to add a second count, alleging that certain acts by the defendant and its assignor violated bankruptcy code section 362(a)(6) which operates as a stay, applicable to all entities, of

"(6) any act to collect, assess or recover a claim against the debtor that arose before the commencement of the case under this title"

As a result of the alleged violation, the plaintiff claims "actual and punitive damages in the amount of $10,000.00". The defendant has objected to the plaintiff's motion to amend which is the subject of this Memorandum and Order.

The parties agreed during oral argument that the student loan debt arose before the commencement of this case and that any act by the defendant's assignor, Connecticut National Bank, which violated Section 362(a)(6) was imputed to the defendant. Connecticut National Bank was the lending institution which made the loan to the plaintiff. The loan was guaranteed by the defendant. Upon default for nonpayment by the plaintiff, the defendant was called upon by the Connecticut National Bank to pay the note which was thereupon assigned to the defendant.

Paragraphs 3, 4 and 5 [1] of the plaintiff's proposed second count set forth the alleged violations of Section 362(a)(6). An analysis of those allegations in the context of the facts recited above and the scope and purpose of code section 362(a)(6), however, demonstrates that the plaintiff's proposed second count lacks legal sufficiency.

The legislative history of Code Section 362(a)(6) indicates an intention by Congress to prohibit "*creditor harassment of a debtor in attempting to collect prepetition debts*".[2] (emphasis added)

Paragraph (6) prevents creditors from attempting in any way to collect a prepetition debt. Creditors in consumer cases occasionally telephone debtors to encourage repayment in spite of bankruptcy. Inexperienced, frightened or ill-counseled debtors may succumb to suggestions to pay notwithstanding their bankruptcy. This provision prevents evasion of the purpose of the bankruptcy laws by sophisticated creditors.[3]

The plaintiff argues that any act whatsoever which is related to the collection of a prepetition debt violates the stay. If that were the case, the mere filing of a proof of claim could be challenged. In this case, the acts of the Connecticut National Bank in putting the defendant on notice of the plaintiff's default and requesting payment by the defendant in accordance with their loan guarantee agreement was neither a direct or indirect act to collect a claim against the plaintiff. The Connecticut National Bank was merely asserting a claim against the defendant pursuant to their contractual arrangement. The defendant's payment to the Connecticut National Bank was not contractually or legally conditioned upon or related to any act to collect a prepetition claim against the plaintiff.

There is nothing in Code Section 362(a)(6) which prohibits a creditor from asserting a claim against a surety, codebtor,

---

1. "3. On June 12, 1980, Connecticut National Bank submitted to defendant ('CSLF') 'lender's request for assistance' seeking payment on the defaulted student loan.
4. On July 8, 1980, Connecticut National Bank submitted a 'Notice of Default' to CSLF seeking payment on the student loan.
5. On July 22, 1980, CSLF submitted to its attorney a request to 'take appropriate action to protect the interest of the foundation.' "

2. 2 *Collier on Bankruptcy* Par. 362.04[6] (15th ed. 1979)

3. H.R.Rep.No.595, 95th Cong. 1st Sess. 342 (1977); S.Rep.No.989, 95th Cong. 2d Sess. 50–51 (1978).

or guarantor.[4] Indeed, an analysis of section 1301, which permits a creditor to collect a consumer debt of the debtor "from any individual that is liable on such debt with the debtor" after the Chapter 13 case has been converted to a case under Chapter 7, implies that such a creditor would not be prohibited from asserting a claim against a codebtor in a case originally brought under chapter 7.

Moreover, code section 509(a) provides "an entity that is liable with the debtor on . . . a claim of a creditor, and that pays such claim, is subrogated to the rights of such creditor to the extent of such payment". (The word "debtor" is defined by code section 101(12) as a "person . . . concerning which a case under this title has been commenced.") Thus, Code Section 509(a) contemplates the precise course of events the plaintiff criticizes in this case as a violation of the automatic stay. The defendant became liable with plaintiff-debtor when the latter failed to pay the student loan. The defendant paid that debt and is subrogated to the rights of the original creditor, Connecticut National Bank.

■ Since the bank's total activity was to assert a claim against and obtain payment from the defendant, a codebtor, the plaintiff's claim that that conduct violates the automatic stay is without merit and fails as a matter of law.

■ The plaintiff's remaining claim that the defendant violated the automatic stay by instructing its attorney to "take appropriate action to protect the interest of the foundation" is equally without merit. If a creditor may file a proof of claim in connection with a prepetition debt,[5] it may certainly request its attorney to "take appropriate action" to protect its interests.[6] The "appropriate action" in this case was the filing of an answer denying the hardship defense to a section 523(a)(8) discharge exclusion and the assertion of a counterclaim, as stated above. The plaintiff does not and cannot reasonably argue that the defendant violated the automatic stay by such activity on the part of its attorney.

Although Rule 15 of the Federal Rules of Civil Procedure[7], made applicable in this proceeding by Bankruptcy Rule 715, provides that permission by the court to amend should be "freely given when justice so requires", justice in this case requires a denial of the plaintiff's motion to amend.

The plaintiff's proposed second count is totally without merit and could not survive a motion to dismiss[8] if it were allowed. In fact, the question of the legal sufficiency of the proposed amendment formed the basis of the defendant's objection and was the central concern of the oral argument. Accordingly, the motion to amend is denied.

4. *In re Aboussie Brothers*, 8 B.R. 302, 7 B.C.D. 309 (E.D.Mo.1981) (section 362(a) ineffective in chapter 11 case against individual partners of partnership debtor.); *In re Lamar Estates, Inc.*, 5 B.R. 328, 6 B.C.D. 711 (Bkrtcy.E.D.N.Y.1980) (section 362(a) does not stay enforcement of state court judgment against guarantors); *In re Brown*, 12 B.R. 885, 7 B.C.D. 1285 (Bkrtcy.N.D. Ga.1981) (no violation of section 362(a)(6) where college withheld transcript from the daughter of the debtor); *Royal Truck & Trailor, Inc., v. Armadora Maritima Salvadorena, Sa*, 10 B.R. 488, 7 B.C.D. 531 (D.C.N.D.Ill.1981) (suit not stayed against debtor's non-bankrupt codefendant).

5. 11 U.S.C. § 501.

6. The act of an attorney making inquiries concerning the debtor's plan was held to be proper in *In re Womack*, 4 B.R. 632, 6 B.C.D. 543 (Bkrtcy.E.D.Tenn.1980).

7. F.R.Civ.P. 15(a) in relevant part provides:

. . . a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

8. [I]f a complaint . . . as amended, would be subject to a motion to dismiss under Rule 12(b)(6) . . . it would be an idle move for the court to allow such amendment over the objection of the opposing party who, if correct, has merely to make a formal motion to dismiss or to strike after leave to amend is granted. Accordingly, leave to amend may be properly denied. And the Supreme Court supports this position by indicating that leave to amend need not be granted with respect to amendments which would not serve any purpose. [*Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)]

3 Moore's Federal Practice Par. 15.08[4], at 108–109. (2d ed. 1980)