**In re NORTHEAST GLASS, INC., Debtor.**

**NORTHEAST GLASS, INC., Plaintiff,**

**v.**

**ALPEN, INC., Defendant.**

**Bankruptcy No. 89–11810–CJK.**

**Adv. No. 89–1401–CJK.**

United States Bankruptcy Court, D. Massachusetts.

March 23, 1990.

**476**

Gary W. Cruickshank, Boston, Mass., for Northeast Glass.

John F. Drew, Boston, Mass., for Alpan.

## MEMORANDUM OF DECISION ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

CAROL J. KENNER, Bankruptcy Judge.

The Debtor commenced this adversary proceeding to obtain an order declaring that the Defendant violated the automatic stay, enjoining the Defendant from further violating the stay, and awarding the Debtor costs and attorney's fees. The parties have filed cross-motions for summary judgment and a stipulation of facts.

There are no genuine issues of material fact. Before filing its petition under Chapter 11, the Debtor served as a subcontractor on a construction project on certain real estate (owned by two trusts ("the Owners")) who are not parties to this proceeding). Pursuant to a written contract between the Debtor and the Defendant, the Defendant supplied labor and materials to the Debtor for use on the real estate; and in exchange, the Debtor promised to pay the Defendant $43,606.82, which remains unpaid.

Then, on June 30, 1989, the Debtor filed its petition under Chapter 11 of the Bankruptcy Code. And on July 14, 1989, the Defendant recorded and served a Notice of Contract and Statement of Claim against the real estate in accordance with Massachusetts law, G.L. c. 254, §§ 4 and 8. The Defendant has also commenced state court litigation against the Owners and the General Contractor to enforce and preserve its lien [1] against the real estate, as G.L. c. 254, § 11 requires. "Due to the competing claims between the [Debtor] and the Defendant," [2] the General Contractor has refused to pay the amount it owes the Debtor, $75,766.50 ("the account receivable"). By recording the notice of contract and commencing its state court action, the Defendant has rendered the Debtor unable to collect the account receivable from the General Contractor.[3]

The Debtor argues that the account receivable is property of the Debtor's bankruptcy estate. Therefore, by recording its notice of contract, which perfected a lien on the Owners' real estate and thus caused the General Contractor to withhold payment of the account receivable, the Defendant violated parts (3) through (6) of the automatic stay, 11 U.S.C. § 362(a).

---

1. By operation of G.L. c. 254, § 4, the recording of a Notice of Contract creates a lien (to secure the payment of all labor and materials the subcontractor furnished) on the building being constructed and on the Owners' interest in the real estate on which it sits.

2. This phrase, which the parties use in their statement of agreed facts, is ambiguous and unexplained. The Court does not know the nature of the "competing claims" or what bearing they have on the Contractor's refusal to pay.

3. The Court has no evidence explaining how the Notice of Contract and the state court action have rendered the Debtor unable to collect the receivable.

■ The automatic stay set forth in 11 U.S.C. § 362(a) is not a single stay but a collection of several. Here, the Debtor claims the protection of four parts of the stay, two of which—parts (a)(4) and (a)(5)—clearly do not apply. The Defendant's recording of its notice of contract, if done correctly, perfected a lien on the building being constructed and on the Owners' interest in the real estate on which it sits. See G.L. c. 254, § 4. The recording did not encumber property of the Debtor or of the estate. Therefore, the Defendant cannot have violated parts (4) and (5) of the stay, which prohibit only acts to create, perfect, or enforce liens against property of the Debtor and of the estate. 11 U.S.C. § 362(a)(4) and (a)(5).

■ The Debtor also makes arguments under parts (3) and (6) of the stay. Part (3) stays any act to obtain possession of, or to exercise control over, property of the estate. 11 U.S.C. § 362(a)(3). The Debtor contends that the account receivable is property of the estate,[4] and that the Defendant's actions against the Owners' property somehow gave the Defendant control over, or possession of, the Debtor's right to receive payment from the General Contractor. The Debtor has submitted no evidence or explanation as to how an act against the Owners can have affected the General Contractor's obligation or willingness to pay the Debtor.

■ This omission is fatal to the Debtor's count under § 362(a)(3). On a motion for summary judgment,

"[r]ule 56(c) [F.R.Civ.P. 56(c), made applicable to this proceeding by Bankruptcy Rule 7056] mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). One essential element of the Debtor's case is causation: the Debtor must show how an act against the Owners affected the Debtor's right to receive payment from the General Contractor. Lacking evidence on that point, the Court must enter judgment against the Debtor on its count under § 362(a)(3).[5]

■ The Debtor makes its remaining argument under § 362(a)(6), which stays "any act to collect, assess or recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. § 362(a)(6). This part of the stay should not be construed to enjoin creditors from proceeding against nondebtor entities—such as guarantors, sureties, joint tort feasors, co-obligors—who are liable with the debtor on the creditors' claims. *Lynch v. Johns-Manville Sales Corporation,* 710 F.2d 1194, 1196–1198 (6th Cir.1983); *In re Smith,* 14 B.R. 956, 957–958 (Bankr.D. Conn.1981). Section 509(a) contemplates that creditors *will* proceed against such entities, 11 U.S.C. § 509(a). And § 524 makes clear that a discharge issued in a bankruptcy case, insofar as it operates as a continuing stay (after the close of the case), enjoins only acts to recover or offset discharged debts "as a personal liability of the debtor" 11 U.S.C. § 524(a)(2); it "does not affect the liability of any other entity on, or the property of any other entity for,

---

**4.** The Court agrees that the Debtor's right to payment from the General Contractor (whatever that right may be) belongs to the estate. (The estate's interest in the account, however, is not a property interest in specific funds or other assets belonging to the General Contractor.)

**5.** If the missing facts were that the Defendant's actions against the Owners gave the Owners a contractual right of recourse against the General Contractor, who thereby acquired a right to set-off the amount of its obligation to the Owners against its obligation to the Debtor's estate, the Debtor's argument would still fail as a matter of law. The automatic stay does not prohibit a creditor from proceeding against a surety or guarantor, even when that would give the surety or guarantor a claim for indemnification against the Debtor's estate. See *In re Smith,* 14 B.R. 956, 957–958 (Bankr.D.Conn.1981). In fact, § 509(a) of the Bankruptcy Code contemplates that creditors *will* proceed against entities "liable with the debtor on ... a claim of a creditor" and provides that when such an entity pays a creditor's claim, it becomes "subrogated to the rights of such creditor to the extent of such payment." 11 U.S.C. § 509(a).

such debt." 11 U.S.C. § 524(e).  See *In re Catania,* 94 B.R. 250 (Bankr.D.Mass.1989). The Bankruptcy Code thus gives ample cause to construe § 362(a)(6) as enjoining only acts against the debtor.  Again, however, the Debtor has submitted no evidence showing why the Defendant's acts against the Owners' property should be deemed acts against the Debtor.  Therefore, judgment should enter for the Defendant on this count as well.

In summary, the Court finds no basis for concluding that the Defendant has violated the automatic stay or for requiring that he release the Notice of Contract.[6]  Judgment should enter for the Defendant as a matter of law.  A separate judgment will enter accordingly.

---

**6.** Nothing herein should be construed as a ruling on the validity or amount of the estate's claim against the General Contractor.