212 B.R. 23 (1997)
In re Americo Martínez COLÓN, Gloria Y. Ortiz Gonzalez, Debtors.
Americo Martínez COLÓN, Gloria Y. Ortiz Gonzalez, Plaintiffs,
v.
PROFESSIONAL RECOVERIES INC., Great Lakes Higher Education Corporation, John Doe & Richard Doe, Defendants.
Bankruptcy No. 94-04839 (GAC), Adversary No. 96-0023.
United States Bankruptcy Court, D. Puerto Rico.
June 27, 1997.
*24 Roberto Figueroa Carrasquillo, San Juan, PR, for debtors/plaintiffs.
Lloyd J. Blaney, Dew & Blaney, Madison, WI, for Great Lakes Higher Education Corporation.

DECISION AND ORDER
GERARDO A. CARLO, Bankruptcy Judge.

BACKGROUND
The debtors filed a petition under Chapter 13 of the Bankruptcy Code on September 9, 1994. Great Lakes Higher Education Corporation ("Great Lakes") was a scheduled creditor and filed a timely proof of claim in the amount of $1,605.05, based on an unpaid student loan pertaining to plaintiff, Americo Martínez Colón. The debtors' Chapter 13 plan was confirmed on February 21, 1995. The confirmed plan indicated that Great Lakes' claim of $1,605.05 would be "[p]aid 100%".
The debtors allege that Great Lakes codified the student loan as being "in default" on August 25, 1995. The Court finds from the affidavit of Jerry Fuller, the litigation specialist for Great Lakes, and from Great Lakes' loan history report (dkt. # 27 and Exhibit D to dkt. # 25, respectively) that Great Lakes codified the student loan as "defaulted" in their records on October 21, 1992. Great Lakes notified the debtor by letter on December 15, 1992, that the loans would go into default on January 14, 1993 (Exhibit G to dkt. # 25). The date that the debtor refers to, August 25, 1995, appears to be the date that he was notified by the United States Department of Education that their records indicated that he was in default on a federal student loan and therefore ineligible to receive federal student aid until his account was resolved. In any event, the Court finds that the default occurred and was noted as such pre-petition.
The debtor filed this adversary complaint on March 4, 1996, and amended the complaint on October 30, 1996 (dkt. # 28). The debtors claim that the defendants took illegal and unfair actions which resulted in the denial of plaintiff Americo Martínez Colón's eligibility to receive a student grant to attend college. The debtors list five causes of action, but in actuality allege three causes of action and the remaining two paragraphs relate to damages. First, the debtors claim that the defendants willfully violated the automatic stay by taking actions to collect a pre-petition debt. Second, the debtors claim that the actions by defendants violated the confirmation order. Third, the debtors claim that the actions of the defendants are in violation of the anti-discrimination provisions of 11 U.S.C. § 525. The debtors request compensatory and punitive damages, as well as costs and attorney's fees.
The defendants filed a motion to dismiss and legal memorandum in support of the motion (dkts. # 39 and # 40). The debtors opposed the motion to dismiss (dkt. # 44). Great Lakes filed a reply (dkt. # 45).

DISCUSSION
The debtors allege that their confirmed plan provides for payment in full of Great Lakes' claim. The debtors argue that notwithstanding, Great Lakes codified the debtor's loan in default, which resulted in the ineligibility of the debtor to receive future federal student aid. The debtors argue that this action violates the confirmation order and is an indirect form of coercing payment of the pre-petition debt, in violation of 11 U.S.C. § 362.
Because the default was codified pre-petition, the debtor's complaints relate to the fact that Great Lakes did not remove the default notation upon the filing of this petition in bankruptcy or upon confirmation of the debtors' plan. The Court also notes that Great Lakes only made the notation of default. The notice of ineligibility for student aid was not generated or sent by Great Lakes or Professional Recoveries Inc. Thus, the issue is whether Great Lakes violated the confirmation order or the automatic stay by failing to remove the default notation upon the bankruptcy filing or upon the confirmation of the debtors' plan.
*25 The Court concludes that the failure of Great Lakes to remove the default notation, upon confirmation of the debtors' plan did not violate the confirmation order. The debtors' obligation to Great Lakes is a non-dischargeable obligation. See 11 U.S.C. §§ 1328(a)(2) and 523(a)(8). Although the debtors proposed to pay Great Lake's claim 100%, this proposal does not include the payment of interest, which continues to accrue during the life of the plan. Interest accruing over the life of the plan is nondischargeable. Thus, even a 100% plan cannot pay off a nondischargeable interest bearing student loan. See Leeper v. Pa. Higher Educ. Assistance Agency (PHEAA), 49 F.3d 98 (3rd Cir.1995) (interest accrues post-petition on nondischargeable student loan during Chapter 13 case); In re Shelbayah, 165 B.R. 332, 337 (Bankr.N.D.Ga.1994) (post-petition interest on nondischargeable student loan accrues during Chapter 13 bankruptcy and is not dischargeable); Ridder v. Great Lakes Higher Educ. Corp. (In re Ridder), 171 B.R. 345 (Bankr.W.D.Wis.1994) (post-petition interest on a nondischargeable student loan may be collected after bankruptcy concludes); Branch v. Unipac/Nebhelp (Matter of Branch), 175 B.R. 732, 735 (Bankr.D.Neb. 1994); and In re Jordan, 146 B.R. 31 (D.Colo.1992). Because the debtors Chapter 13 plan cannot pay off the debt to Great Lakes, the Court concludes that the debtors' confirmed plan fails to cure the debtor's default with Great Lakes. Thus, the Court will deny the debtors' request to hold Great Lakes liable for violation of the confirmation order.
The Court concludes that the failure of a higher education corporation to remove a default notation upon the filing of bankruptcy or the confirmation of the plan, does not violate the automatic stay of 11 U.S.C. § 362. The automatic stay provides protection against acts to collect a pre-petition debt. The denial of student aid to a bankruptcy student based on a pre-petition debt, does not violate the automatic stay. See In re Saunders, 105 B.R. 781 (Bankr. E.D.Pa.1989) (holding that actions of Higher Education Assistance Agency in denying debtor higher education grant pending notice of bankruptcy discharge, did not constitute violation of automatic stay). In the present case, the Court concludes that Great Lakes did not make any post-petition attempt to collect the pre-petition debt. There was no demand or attempt to coerce payment. The Court concludes that Great Lakes' refusal to remove the default notation was a communication that the debtor had an uncured default. Accordingly, the debtors' request to have the Court hold Great Lakes liable for violation of the automatic stay of 11 U.S.C. § 362 will be denied.
The debtors allege that Great Lakes violated the anti-discrimination provisions of 11 U.S.C. § 525, by failing to adjust their records to take into account the provisions of the debtors' Chapter 13 plan. The debtor argues that he was discriminated against solely on the basis of being a "bankruptcy student", despite having cured the default through the confirmed plan. The debtors note that 20 U.S.C. § 1078-6(a)(1)(A) and § 1078-6(b) allow a non-bankruptcy student to cure or workout a default and obtain a new grant or aid, yet a student in bankruptcy attempting to cure a default through a confirmed plan, is denied a new grant or aid because of arrears or a default that they are attempting to cure under a Chapter 13 plan.
Great Lakes admits that 11 U.S.C. § 525(c) would have required them to make a loan or grant to debtor, however, they argue that 11 U.S.C. § 525(c) did not apply to petitions filed prior to October 22, 1994. Great Lakes argues that section 525(a), on the other hand, has never been interpreted to apply to financial assistance. Thus, they argue that there are no discrimination provisions under the Bankruptcy Code, that have been violated.
The Court concludes that 11 U.S.C. § 525(c) was added by the Bankruptcy Reform Act of 1994, which was enacted on October 22, 1994. Pursuant to section 702 of the Act, unless otherwise provided in that section, the amendments are only applicable with respect to cases filed after the date of enactment. As section 702 of the Act does not indicate otherwise, the anti-discrimination provision of 11 U.S.C. § 525(c), only applies to cases filed after October 22, 1994. *26 The petition in this case was filed on September 9, 1994. Accordingly, 11 U.S.C. § 525(c) is not applicable to this case.
There are numerous cases arising under 11 U.S.C. § 525(a). These provide that it was permissible for educational financial aid institutions to refuse educational aid to debtors who sought bankruptcy relief but had not discharged their pre-existing educational loans. Courts have applied the same reasoning to grants and loans. See In re Elter, 95 B.R. 618 (Bankr.E.D.Wis.1989) (holding that 11 U.S.C. § 525(a) does not prohibit discrimination in the granting of credit for a student loan); In re Richardson, 27 B.R. 560 (E.D.Pa.1982) (holding that 11 U.S.C. § 525(a) does not preclude denial of guaranteed student loan for past loan-default); and In re Goldrich, 771 F.2d 28 (2nd Cir.1985) (holding that 11 U.S.C. § 525(a) does not apply to extensions of credit). Accordingly, the Court concludes that Great Lakes did not violate the anti-discrimination provisions of 11 U.S.C. § 525, by failing to eliminate the notation of default.
The Court concludes that the actions of Great Lakes Higher Education Corporation and Professional Recoveries, Inc. did not violate the automatic stay, the confirmation order or the anti-discrimination provisions of 11 U.S.C. § 525. Accordingly, the Court concludes that the debtors' amended complaint fails to state a claim upon which relief can be granted. The defendants are entitled to judgment, as a matter of law.

ORDER
WHEREFORE IT IS ORDERED that the motion to dismiss filed by the defendants, Great Lakes Higher Education Corporation and Professional Recoveries Inc., is GRANTED. The adversary complaint shall be, and it hereby is, DISMISSED. The Clerk shall enter judgment accordingly.
The ten-day period for filing a motion to alter or amend this order, pursuant to Fed. R.Bankr.P. 9023, or to file a notice of appeal, pursuant to Fed.R.Bankr.P. 8002(a), shall commence to run upon notice of entry of this order.
SO ORDERED.